UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

INGRID HARRIS                                        CIVIL ACTION

VERSUS                                               NO. 07-9675

JCPENNEY COMPANY, INC.                               SECTION "F"

ORDER AND REASONS

Before the Court is the defendant, JCPenney Company Inc.'s unopposed motion to compel arbitration and stay or dismiss this action pending arbitration.[1] For the following reasons, the defendant's motion is GRANTED and this matter is STAYED pending the outcome of arbitration proceedings.

Background

Ingrid Harris was employed by JCPenney from approximately January 1, 2007 to May 18, 2007. According to the plaintiff's complaint, she was hired as an assistant store manager on December 31, 2006 and assigned to be trained at the Metairie JCPenney location. While working at the Metairie store, she says she was the

---

[1] Local Rule 07.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and a copy be delivered to chambers eight days prior to the date set for hearing on the motion. No memorandum in opposition to JCPenney's motion, set for hearing on January 9, 2008, has been submitted. Therefore, the motion is deemed to be unopposed.

1

only black female manager and was subjected to racial harassment and discrimination. In March 2007, Ms. Harris filed a complaint with JCPenney human resources regarding her alleged treatment. Shortly thereafter, JCPenney transferred her to its Sidell location. Ms. Harris claims that she stopped reporting to work on March 29, 2007 because the stress of the work environment required her seek medical care. On May 18, 2007, JCPenney terminated her employment.

The plaintiff filed this lawsuit in Louisiana state court on November 5, 2007, alleging that JCPenney discriminated against her and fired her in violation of La. Rev. Stat. 51 § 2256. JCPenney removed the case on December 19, 2007, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332, and then filed this motion to compel arbitration.

I.

There is a "strong federal policy in favor of enforcing arbitration agreements." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985). The Federal Arbitration Act states that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration. . . the court. . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .

9 U.S.C. § 3. The FAA requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel

arbitration is made." Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co., 767 F.2d 1140, 1147 (5th Cir. 1985).

Courts undertake a two-step inquiry when considering motions to compel arbitration. Washington Mut. Fin. Group v. Bailey, 364 F.3d 260, 263 (5th Cir. 2004). The first step requires a finding that the parties agreed to arbitrate the dispute at issue. Id. Second, upon such a finding, the Court must consider whether any federal statute or policy renders the claims nonarbitrable. Id.

The first determination requires two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." Webb v. Investacorp, Inc., 89 F.3d 252, 257-58 (5th Cir. 1996). While state law governs the first consideration, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." Id. at 258.

JCPenney employees agree to the company's "Binding Arbitration Agreement" when they begin their employment. The agreement that states:

> The Arbitration Agreement means that the Associate and the Company both agree that Internal Review and binding arbitration will be the method used to resolve any dispute over the Associate's separation from the Company. They will not seek to resolve any dispute by filing a lawsuit, participating as a plaintiff in a lawsuit, or seeking damages in a lawsuit filed by another in any federal, state, county, or municipal court.

Louisiana law holds that a signed, written arbitration agreement is "valid, enforceable, and irrevocable" for any controversy within its scope. See La. Rev. Stat. 9 § 4202; Simpson v. Pep Boys - Manny, Moe & Jack, Inc., 847 So. 2d 617 (La. App. 4th Cir. 2003). It is not disputed that Ms. Harris signed JCPenney's arbitration agreement on January 3, 2007.[2] Further, the Court finds that Ms. Harris's claims arise out of her employment with JCPenney and are within the scope of the arbitration agreement.[3]

As to the second inquiry, the parties have pointed to no statute or policy, and this Court is aware of none, that would render the claims nonarbitrable. Consequently, the motion to compel arbitration is GRANTED.

Title 9 U.S.C. § 3 provides that when a suit is brought "upon any issue referable to arbitration under an agreement in writing for such arbitration," the court, upon being satisfied that the

---

[2] JCPenney's records indicate that Ms. Harris signed and accepted the agreement electronically. Under La. Rev. Stat. 9 § 2607, an electronic signature satisfies a legal requirement that a signature or a record be in writing.

[3] Section 4 of the agreement states that: "This agreement applies to the following claims over the reasons leading to separation and, in addition, once a loss of employment becomes a dispute, and only in that circumstance, it also applies to the following claims, timely made, which could have arisen out of the Associate's employment: Discrimination on the basis of race, sex, religion, national origin, age, disability or any other unlawful basis; [h]arassment on the basis of race/sex. . .; [r]etaliation for filing a protected claim for benefits, e.g., worker's compensation, or exercising protected rights under any statute...."

issue involved is indeed referable to arbitration under the agreement, "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3; see <u>Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.</u>, 372 F.3d 339, 341-42 (5th Cir. 2004). The defendant's motion to stay further proceedings pending arbitration is GRANTED.

Accordingly, IT IS ORDERED: the defendant's motion to stay and compel arbitration is GRANTED. The parties are ordered to arbitrate the claims of Ingrid Harris, and this matter is stayed pending the outcome of arbitration proceedings.

New Orleans, Louisiana, January 8, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE